**In re James C. JAKES and Vicki B. Jakes, Debtors.**

**Bankruptcy No. 188–05424.**

United States Bankruptcy Court, M.D. Tennessee, Columbia Division.

May 17, 1989.

Randy Hillhouse, Freemon & Hillhouse, Lawrenceburg, Tenn., for Transouth Financial Corp.

J. Robert Harlan, Columbia, Tenn., for debtors.

Suzanne Mossman, Nashville, Tenn., for Chapter 13 Trustee.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on Transouth Financial Corporation's objection to the debtor Chapter 13 plan. The following constitute findings of fact and conclusions of law. Fed.R.Bankr.P. 9014, 7052.

Transouth holds a claim against the debtors secured by a second mortgage on the debtors' principal residence. The debtor's plan would modify Transouth's rights under its promissory note. Transouth objects alleging that the proposed modification violates the requirement of 11 U.S.C. § 1322(b)(2) (Supp. V. 1987).

Section 1322 permits a plan to modify the rights of any holders of secured claims except those that are "secured only by a security interest in real property that is the debtors principal residence". The primary purpose of this exception is to protect long-term purchase money mortgage lenders. The exception has been read very narrowly for second mortgages such as the one in this case. If anything is used as collateral beyond the residence the loan terms may be modified. *In re Stiles,* 74 B.R. 708, 710 (Bankr.N.D.Ala.1987) (an assignment of life insurance proceeds); *In re Reeves,* 65 B.R. 898, 901 (N.D.Ill.1986) (a lien on fixtures by both a real property mortgage and a UCC security interest); *United Companies Financial Corp. v. Brantley,* 6 B.R. 178, 189–90 (Bankr.1980) (security interest in life insurance proceeds including unearned premiums).

The debtor raises several arguments to establish that Transouth's claim is secured by more than just the debtor's principal residence. The court finds one of these arguments persuasive. Specifically the Deed of Trust establishes a lien on all improvements and fixtures on the property and *the proceeds from the sale* of any such fixtures. Although, the fixtures are part of the real property and as such are not a separate security for the claim, the lien on proceeds is clearly a lien on personalty. As such, it is an additional security interest beyond simply a security interest in the debtor's principal residence.

Thus, the debtor may modify the rights of Transouth because it does not fit the exception carved out in § 1322(b)(2).

Accordingly the court will confirm the plan as proposed.

IT IS THEREFORE SO ORDERED.